# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

### JUNE 1997 SESSION

FILED

**August 5, 1997**

**Cecil Crowson, Jr.**
Appellate Court Clerk

|  |  |
|---|---|
| **STATE OF TENNESSEE,** | ) |
| | ) |
| Appellee, | ) C.C.A. No.  02C01-9607-CR-00228 |
| | ) |
| V. | ) Shelby County |
| | ) |
| | ) Honorable Arthur T. Bennett, Judge |
| **JONATHAN ASKEW,** | ) |
| | ) (Sentencing) |
| Appellant. | ) |
| | ) |

FOR THE APPELLANT:

Gerald Green
Attorney at Law
301 Washington, Suite 302
Memphis, TN 38103

FOR THE APPELLEE:

Charles W. Burson
Attorney General & Reporter

Deborah A. Tullis
Assistant Attorney General
Criminal Justice Division
450 James Robertson Parkway
Nashville, TN 37243-0493

William L. Gibbons
District Attorney General

Perry Hayes
Assistant District Attorney General
Criminal Justice Complex
201 Poplar, Suite 301
Memphis, TN 38103

OPINION FILED: _____

**REVERSED AND REMANDED**

**PAUL G. SUMMERS,**
Judge

**O P I N I O N**

As part of a negotiated plea agreement, the appellant, Jonathan Askew, pled guilty to driving while under the influence and to driving while his license was revoked, canceled, or suspended. This was the appellant's second conviction for driving while under the influence, which is a violation of Tenn. Code Ann. § 55-10-401 (1993). Although the trial court found the appellant eligible for the work release program, it denied his application to the program because his employer, the State of Tennessee, refused to send his paycheck directly to the Shelby County Correctional Center Work Release Program. We respectfully reverse the judgment of the trial court and remand for reconsideration of the application.

The appellant argues that Tenn. Code Ann. § 41-2-128(c)(1)(C) (Supp. 1994) requires only that "[t]he defendant agree[] to defray, to the best of the defendant's ability, the cost of incarceration and treatment," not that the appellant's payroll check be sent directly to the work release office. He, therefore, contends that the employer agreement required for the work release program is more stringent than the statute itself. He further argues that Tenn. Code Ann. § 41-2-129 (Supp. 1994) provides that even the warden can deposit a defendant's funds or a defendant can turn his or her wages over to the warden once they are received.

The state agrees with the appellant in this case. The state maintains that the trial court may order the appellant to pay a certain amount to defray the cost of his incarceration, but that the trial court may not deny his application for the work release program "solely because his employer refuses to mail his paycheck to that office."

The appellant's second offense for driving under the influence occurred on August 19, 1994.  Although not noted in either brief, our Supreme Court on June 20, 1994 declared the entire work release statute of Tenn. Code Ann. § 41-2-128(c) unconstitutional in State v. Tester, 879 S.W.2d 823 (Tenn. 1994). Therefore, at the time the appellant committed the offense, this statute had been rendered unconstitutional because it violated equal protection of the laws guaranteed by the Fourteenth Amendment to the United States Constitution and guaranteed by Article I, Section 8 and Article XI, Section 8 of the Tennessee Constitution.  Under the 1994 version of Tenn. Code Ann. § 41-2-128(c), subsection (9) allowed only three Tennessee counties to grant work release to persons convicted of a second violation of driving under the influence: Shelby, Davidson, and Moore. [1]

In 1995, the legislature amended Tenn. Code Ann. § 41-2-128(c) to remove subsection (9); and the amended statute became effective on May 9, 1995.  The amended statute contained the same language in subsection (c)(1)(C) as the unconstitutional statute.  The appellant in this case, who was sentenced in Shelby County, negotiated a plea agreement on September 11, 1995; and the trial court approved that agreement on October 13, 1995. Therefore, Tenn. Code Ann. § 41-2-128(c) was applicable to the appellant when it was unconstitutional because he was convicted in Shelby County, which was one of the three counties in which the statute applied; and the amended statute was applicable to the appellant as well.

---

[1] The original version of this statute contained a population requirement which made work release mandatory in some counties and discretionary in others:

> [C]ounties having a population of 600,000 or more according to the 1960 Federal Census or any subsequent Federal Census shall permit certain prisoners to leave the workhouse during reasonable and necessary hours for occupational, scholastic or medical purposes as provided in this Act.  All other counties of this state are authorized to permit certain prisoners to leave the workhouse during reasonable and necessary hours for occupational, scholastic or medical purposes as provided in this Act.

1967 Tenn. Pub. Acts 259.

Consequently, we conclude that the trial court erred in denying the appellant's application to the work release program because his employer refused to send his paycheck directly to the Shelby County Correctional Center Work Release Program. Therefore, we respectfully reverse the judgment of the trial court. Consistent with this opinion, the trial court will conduct a hearing to reconsider the appellant's work release application.

_____
PAUL G. SUMMERS, Judge

CONCUR:

_____
DAVID H. WELLES, Judge

_____
JOE G. RILEY, Judge